† Pullen, *Administrator, versus* Bell.

If, under a parol agreement to purchase a parcel of land, one goes on to it and erects a dwellinghouse, but leaves it unfinished and not underpinned, such house is personal estate, and liable to attachment and sale as the property of the builder.

And when the owner of the land refuses to deliver it to the purchaser, and by his acts, shows an appropriation of it to his own use, he is liable in trover.

On Facts Agreed.

Trover, for a house.

One Henry Hill agreed with defendant to purchase a parcel of land, of which the latter engaged to give a bond, but never did. Hill entered upon the land, cleared a part of it, and built the house in controversy. It was unfinished and not underpinned, and in that state he left it, and went to another State.

The plaintiff's intestate sued Hill, attached and sold the house as his, and was the purchaser at the auction sale, by the sheriff, on the execution.

On Dec. 15, 1849, he demanded the same of defendant, who refused to deliver it.

On Jan. 21, 1850, the defendant contracted to sell the land and house to John Doughty and James Wells, giving them a bond and receiving their notes.

This suit was subsequently commenced.

The Court were authorized to render judgment by nonsuit or default.

*Bell, pro se.*

*J. H. Rice,* for plaintiff, cited *Osgood* v. *Howard,* 6

---

Fogg *v.* Cushing.

---

Greenl. 452; *Russell* v. *Richards,* 1 Fairf. 429, and *same* v. *same,* 2 Fairf. 371; *Wilton* v. *Harwood,* 23 Maine, 131.

TENNEY, J. — So far as it regards the right of the plaintiff's intestate to the property in the house, the principles of the cases of *Russell* v. *Richards & al.,* 1 Fairf. 429, and 2 Fairf. 371, are applicable to the facts of this case, and he became the proprietor of the house, by the purchase at the officer's sale on Dec. 15, 1849.

After the purchase, and a demand made therefor upon the defendant, the latter refused to make the delivery; but subsequently entered into a valid contract with John Doughty and James Wells, to sell the same to them. This is sufficient evidence of a conversion by the defendant, and the action is maintained.                    *Defendant defaulted.*

---

### † FOGG *versus* CUSHING.